**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 97-60027
(Summary Calendar)

FAYE THOMLEY, Individually,
and as Administratrix of the
Estate of Charles W. Thomley,
Deceased; DANA THOMLEY; RHONDA
THOMLEY PATTERSON,

                                        Plaintiffs-Appellants,

                    versus

MACK TRUCK, INC., ET AL.,

                                        Defendants,

MACK TRUCK, INC.,

                                        Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(94-CV-716)

July 22, 1997

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

   [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal of this diversity jurisdiction case implicating Mississippi Products Liability law, Plaintiffs-Appellants Faye Thomley, Individually, and as Administratrix of the Estate of Charles W. Thomley, Deceased, Dana Thomley, and Rhonda Thomley Patterson (Thomley), contend that the district court erred reversibly in granting the motion of Defendant-Appellee Mack Truck, Inc. (Mack) for a judgment as a matter of law dismissing Thomley's action against Mack. Thomley also filed a motion for us to certify questions to the Mississippi Supreme Court, which motion was ordered carried with this appeal. Finding no merit in Thomley's certification motion or in her substantive appeal, we deny the motion and affirm the judgment of the district court.

We have considered the facts of this case as revealed by a careful review of the record on appeal and have considered the legal arguments of counsel as set forth in their respective briefs filed with this court; and we have closely studied the Decision of the Court on Rule 50 Motion filed by the district court on December 13, 1996. When the facts, the law, and the decision of the district court are reviewed in context, they instruct beyond cavil that the rulings and judgment of the district court were not only free of reversible error but were eminently correct. No matter under which category of Mississippi products liability claims the instant case is viewed, Thomley cannot prevail: Given the applicable law — which we feel to be clearly settled, including the plain language of the applicable Mississippi statute — we are

2

left with the distinct impression that Thomley's suit against Mack is a stereotypical example of an attempt to manufacture a path to a deep pocket out of the whole cloth, in the face of unfavorable law and facts, and particularly the unfavorable (if not incredible) testimony of Thomley's own expert witness. That the district court may have relied heavily on the work product of Mack's counsel in Proposed Findings of Fact and Conclusions of Law prepared at the direction of the court does not diminish or detract from the court's thorough and craftsmanlike explication in its decision on Mack's Rule 50 Motion. Indeed, we would do nothing but gild the proverbial lily by writing separately, so we elect to refrain from doing so; rather, we adopt the decision of the district court in toto, incorporate it by reference herein, and annex a copy hereto.

Thomley's motion seeking certification to the Mississippi Supreme Court is denied, and the judgment of the district court is, in all respects, affirmed.

MOTION to certify DENIED; JUDGMENT AFFIRMED.